UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Michele L. Page

  v.          Civil No. 08-cv-340-JD

Michael J. Astrue, Commissioner,
Social Security Administration

O R D E R

After judgment was entered in her favor and her case was remanded for further administrative proceedings, Michele Page moved for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). She seeks fees in the amount of $7,892.50.[1] The Commissioner objects on the ground that the amount sought is excessive.[2]

The EAJA permits an eligible prevailing party to recover fees and other expenses in a civil suit against the United States unless the government's position was substantially justified. 28 U.S.C. § 2412(d); Aronov v. Napolitano, 562 F.3d 84, 86 & 88 (1st

---

[1] Neither her motion nor her attorney's affidavit provides a total amount sought under the EAJA. The amount stated is the total provided on the billing itemization.

[2] Page filed a reply to the Commissioner's objection without providing notice and without seeking leave to file a reply. LR 7.1(e)(2). Therefore, the reply was not properly filed and will not be considered. Page's counsel chose to ignore the local rule previously, with the same result.

Cir. 2009).  The amount of attorneys' fees must be reasonable, based on prevailing market rates, except that the hourly rate is capped at $125 unless the court finds that the increase in the cost of living or a special factor justifies a higher rate.  § 2412(d)(2)(A).  The lodestar method is used to calculate a fee award to a prevailing party.  Gisbrecht v. Barnhart, 535 U.S. 789, 801-02 (2002).

Under the lodestar method, an award is calculated by multiplying a reasonable hourly rate by the number of hours productively spent on the case, which amount may be adjusted further based on other considerations.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  "In crafting its lodestar, the trial court may adjust the hours claimed to remove time that was unreasonably, unnecessarily[,] or inefficiently devoted to the case . . . ."  DeJesus Nazario v. Morris Rodriguez, 554 F.3d 196, 207 (1st Cir. 2009).  "[A] district court may deem an expenditure of time unreasonable if the reported hours are excessive, redundant, or otherwise unnecessary."  Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008) (internal quotation marks omitted).  The party seeking a fee award bears the burden of providing evidence to support the number of hours expended and the rates claimed.  Hensley, 461 U.S. at 433.

Page was represented by Francis M. Jackson, who was assisted by his associates, Murrough H. O'Brien and Penny E. Gronbeck.  In his affidavit submitted with the motion for fees, Jackson claims an hourly rate of $171.25, which is the statutory cap amount adjusted for the cost of living increase, for himself and for O'Brien and Gronbeck.  He also states that he and O'Brien have extensive experience in social security law and contends that the fee is reasonable based on his and his associates' ages and experience.[3]  Page claims 45 hours of attorney time, billed at $171.25 per hour, and 1.75 hours of paralegal time, billed at $100 per hour.[4]

The Commissioner challenges the number of hours claimed, contending that it is excessive.  In particular, the Commissioner cites the time billed by all three attorneys for reviewing a straightforward case, twenty-five hours spent preparing Page's brief, more than five hours spent reviewing the joint factual statement prepared by counsel for the Commissioner, eight hours billed by Jackson for reviewing his associates' work, and the

---

[3] While experience is an appropriate basis for determining a reasonable hourly rate, an attorney's age would not appear to be relevant to that determination.

[4] The billing records show 48 hours recorded by the attorneys, but three hours were voluntarily deducted from that number.

time spent on the reply, which was not considered by the court. The Commissioner proposes that the number of hours be reduced by eighteen, subtracting ten hours from the time billed for preparing the brief, two hours from review of the joint factual statement, and the six hours billed for the reply brief.[5]

The Commissioner is correct that Page's attorneys claimed more hours than the nature of the work supports. The reductions in the number of hours proposed by the Commissioner are reasonable. Therefore, the attorneys' billable hours are reduced to thirty. The hourly rate Page's attorneys claim is the highest amount allowed by the EAJA. Jackson asserts that his ordinary hourly rate is considerably higher, and the Commissioner does not request a reduction in the rate. Therefore, the hourly rate of $171.25 for the attorneys is deemed reasonable, and the paralegal's time is compensated at an hourly rate of $100.

Applying the lodestar calculation, the attorneys' fees to be awarded under the EAJA are $5,137.50. The paralegal's fees are unchanged and total $175. Page is entitled to an award of $5,312.50.

---

[5]Although the Commissioner also notes billing for 1.5 to 2 hours of time for routine matters, the Commissioner does not ask to have that time subtracted from the total.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for fees and expenses (document no. 19) is granted to the extent that plaintiff is awarded fees in the amount of $5,312.50

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

June 23, 2009

cc:  Karen B. Fitzmaurice, Esquire
     Francis M. Jackson, Esquire
     T. David Plourde, Esquire